CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

November 19, 2024
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:17-cr-00011 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| SHELDON BERRY, ) | Senior United States District Judge |
| Defendant-Petitioner ) | |

## MEMORANDUM OPINION

This matter comes before the court on defendant Sheldon Berry's motion for compassionate release brought pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 704. The Federal Public Defender was given an opportunity to file a supplemental motion on Berry's behalf but declined to do so. ECF Nos. 708, 754. The government filed a response in opposition to Berry's motion. ECF No. 711. As set forth below, the court will **DENY** Berry's motion.

### I. Background

On May 2, 2017, Berry was charged in a multi-count, multi-defendant indictment with one count of conspiring to distribute a quantity of heroin, distributing a quantity of heroin resulting in serious bodily injury to another, and distributing 1000 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C) (Count One); and knowingly possessing a firearm in furtherance of a drug-trafficking crime for which he could be prosecuted in a court of the United States in violation of 18 U.S.C. § 924(c)(1) (Count Two). Indictment, ECF No. 3 at 1–3. In the Pre-sentence Investigation Report (PSR), Berry was described as one of the principal suppliers of heroin to the conspiracy, distributing an average of a kilogram of heroin per week. The conspiracy operated between Baltimore, Maryland, and

Front Royal, Virginia. PSR, ECF No. 391 ¶ 18. When a search warrant was executed at Berry's residence in Baltimore, Maryland on April 7, 2016, law enforcement officers found seventy grams of heroin and six firearms. Berry advised the officers that the heroin and firearms belonged to him. Id. ¶ 20.

On January 16, 2018, Berry entered into a non-binding plea agreement in which he pled guilty to an amended Count One of the indictment, conspiring to distribute 1,000 grams or more of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Plea Agreement, ECF No. 279. Berry faced a statutory mandatory minimum sentence of 10 years and a maximum of life. PSR, ECF No. 743 ¶ 61; 21 U.S.C. § 841(b)(1)(A). Because he was held responsible for between 30 and 90 kilograms of heroin, he had a base offense level of 36 increased by 2 levels for possession of a firearm, pursuant to USSG § 2D1.1(b)(1), and decreased by 3 levels for acceptance of responsibility, leaving him with a total offense level of 35. PSR, ECF No. 743 ¶¶ 34–42. Berry received zero criminal history points, giving him a criminal history category of I. Id. ¶ 46. His criminal history category together with his total offense level resulted in a sentencing range of 168 to 210 months. Id. ¶ 62; Tr. of Sent. Hr'g, ECF No. 462 at 6–7. On May 2, 2018, Berry was sentenced to a term of 168 months, to be followed by a 5-year term of supervised release. J., ECF No. 423. Berry is incarcerated at Federal Correctional Institution Danbury and has a projected release date of August 26, 2028.[1]

In his motion for a sentence reduction, Berry first claims that he did not receive notice from the government pursuant to 21 U.S.C. § 851 that the government intended to seek an

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Sheldon Berry") (last viewed November 12, 2024).

2

increased penalty under 21 U.S.C. § 841(b)(1)(A). Berry also appears to claim that he is entitled to a sentence reduction so that he can take care of his children and his parents, and because he has made great strides toward rehabilitation while in prison.

## II. Analysis

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Berry's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under 18 U.S.C. § 3582(c)(1)(A). United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau

3

of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131 (emphasis in original). In his motion for a sentence reduction, Berry did not state whether he had submitted his request for compassionate release to the warden of his facility and the government asked the court to deny his motion for failure to exhaust. Resp., ECF No. 711. However, in a supplemental filing, Berry submitted a copy of an email he submitted to the warden asking him to file a motion for compassionate relief on his behalf. Berry then filed his pro se motion more than 30 days later. Supp. Exh., ECF No. 706. Based on this supplemental filing, the court finds that Berry has exhausted his administrative remedies.

The court next must consider whether it should reduce Berry's term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The revised policy statement will be applied to Berry's motion.

Berry first argues that he is entitled to a sentence reduction because he was not given the required notice under 21 U.S.C. § 851 that the government intended to seek a longer sentence based on his prior criminal record. Mot., ECF No. 704 at 1. However, as part of the plea agreement, the government agreed to not seek an additional penalty based on any of his previous convictions for previous felony drug convictions. Plea Agreement, ECF No. 279 at 3. Moreover, it is clear from the 168-month sentence assessed against Berry that he did not

4

receive the mandatory minimum sentence of 20 years which would have been applicable if his sentence were increased by his prior convictions. 21 U.S.C. § 841(b)(1)(A) (2010). Accordingly, because Berry's sentenced was not increased based on a prior felony drug conviction, his argument for a sentence reduction based on this ground is without merit.[2]

Berry also argues that his sentence should be reduced so that he can help take care of his children and his elderly parents. He states that on December 31, 2019, his wife was killed, leaving two minor children who now live with his parents. Altogether, Berry has five children, and he would like to be released from custody to care for his children and his parents. Mot., ECF No. 704 at 10.

In order to qualify for a sentence reduction based on family circumstances, a defendant must show the following:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition. . . .
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

USSG § 1B1.13(b)(3).

While Berry has informed the court that his wife was killed in December 2019, it appears that all his children are being cared for by other adults. And while Berry states that he would like to be able to take care of his parents, describing both as "very elderly" and stating

---

[2] In addition, even if Berry's sentence had been increased based on a prior felony drug conviction, any challenge to his actual conviction (as opposed to an argument that the law had changed since he was sentenced such that he could show a gross disparity in the sentence he received and the sentence he likely would receive today) would need to be brought via a motion for relief under 28 U.S.C. § 2255, or § 2241 if appropriate. See United States v. Ferguson, 55 F.4th 262 (4th Cir. 2022).

5

that his father has blood clots and is "very sick," he does not allege that either parent is incapacitated or that he would be the only available caregiver for his parents. ECF No. 704 at 10.[3] Because Berry does not describe circumstances that could be considered an extraordinary and compelling reason for a sentence reduction, his motion based on his desire to care for his children and parents will be **DENIED**.

Finally, Berry asserts that he has done well while incarcerated, and the records he provided the court indicate that he is correct. Berry has obtained a forklift license and has completed other courses. ECF No. 704-4 at 5–23. He is housed at a low security level facility in minimum custody. Id. at 18. He had no disciplinary charges pending at the time he filed his motion. While Berry's institutional achievements are impressive, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of [the] policy statement." USSG § 1B1.13(d) (citing 28 U.S.C. § 994(t)). For this reason, the court will **DENY** Berry's motion for a sentence reduction based on his rehabilitation.

As Berry has not shown an extraordinary and compelling reason for compassionate release, the court will not address the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

---

[3] At the time the PSR prepared on March 12, 2018, Berry's father was 65 and employed, and his mother was 55 and volunteered with the local school district. PSR, ECF No. 391 ¶ 53.

6

### III. Conclusion

For the above-stated reasons, the court will **DENY** Berry's motion for compassionate release, ECF No. 704. The Clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: November 18, 2024

Michael F. Urbanski
Senior United States District Judge